## Case No. 13,817.

### In re TEBBETTS.

[5 Law Rep. 259.]

Circuit Court, D. Massachusetts. Sept. 7, 1842.

BANKRUPTCY—WHO MAY OPPOSE DISCHARGE—FI-
DUCIARY DEBTS—EFFECT OF PROVING—FORM
OF DISCHARGE — CONCEALING DEBTS.

1. A person having an equitable claim against the estate of a bankrupt, has such an "interest" as entitles him to appear and to oppose the petition of the bankrupt for his discharge.

[Cited in Re Sheppard, Case No. 12,753.]

2. The existence of fiduciary debts, contracted before the passage of the bankrupt act, owing by the petitioner, constitutes no positive incapacity, disqualification, or valid objection to his being declared a bankrupt, and obtaining the benefit of the bankrupt act, if he owes other debts, not of a fiduciary character.

3. Misapplication of fiduciary funds before the passing of the bankrupt act [of 1841 (5 Stat. 440)] deprives the party of all right to a discharge from them only; misapplication after the passing of the act, deprives him of all right to a discharge from any debts whatsoever.

[Cited in Day v. Bardwell, 97 Mass. 255.]

4. Fiduciary debts are provable under the proceedings in bankruptcy, equally with other debts, at the creditor's election.

5. If the fiduciary creditor elects to come and prove his debt and to take a dividend, he is barred of all other remedy therefor, except out of the assets.

[Cited in Re Clews, Case No. 2,891.]

[Cited in Burpee v. Sparhawk, 108 Mass. 115; Morse v. Lowell, 7 Metc. (Mass.) 153.]

6. Fiduciary debts, not proved under the proceedings in bankruptcy, are not extinguished by a discharge and certificate under the act.

[Cited in Rowan v. Holcomb, 16 Ohio, 465.]

7. The discharge and certificate of a bankrupt, when granted, should be 'n a general form; but the terms of them, however general, cannot affect the rights of those to whom the bankrupt is owing debts in a fiduciary capacity, which have not been proved under the proceedings in bankruptcy.

[Cited in Wilmarth v. Burt, 7 Metc. (Mass.) 261.]

8. The date of the passage of the bankrupt act, as referred to in the fourth section thereof, means after the date of the approval thereof, namely, the 19th of August, 1841, and not after the day when it was to go fully into operation.

9. A concealment or suppression by the bankrupt, of a particular debt in the schedule annexed to his original petition, does not constitute a valid objection to his discharge, unless such concealment or suppression was intentional and fraudulent.

This case was adjourned from the district court under the following circumstances. The bankrupt, John C. Tebbetts, having filed his petition for a discharge, at the return day of the notice, the following objections were filed: "Charles F. Adams, Peter T. Homer, and Sidney Homer, all of Boston, in the county of Suffolk in said district, merchants and partners in trade, jointly negociating under the firm of Adams, Homer & Co., appear and pray the court here, that the said Tebbetts may not be discharged on his said proceedings in bankruptcy, and they now file their objections thereto in writing, as follows: that is to say, that the said Tebbetts, heretofore, to wit, in the year eighteen hundred and thirty-six, was appointed administrator of the goods and estate of Henry H. Willard, late of said Boston, trader, deceased, intestate, and accepted said trust; and in the execution of said trust, the said Tebbetts received a large sum of money, belonging to said estate, to wit, twelve thousand four hundred and four dollars and forty-four cents, ($12,404.44), which he has never paid over or accounted for. That the said Adams, Homer & Co. were creditors of said Willard; that upon a settlement of his estate in the probate court of said county, it was decreed to be insolvent; that their debt against said Willard was proved before the commissioners of insolvency appointed by the judge of probate of said county, and the sum of two thousand one hundred and eighty-four dollars and sixteen cents ($2,184.16) was allowed them by said commissioners in their return made to the said judge; which said return was duly accepted by the said judge, and a decree thereon made by him, upon the second day of March, in the year one thousand eight hundred and forty, ordering a distribution among the creditors, of all the assets remaining in the hands of said administrator; which said assets, according to his administration account, rendered on said second day of March, 1840, amounted to the sum of twelve thousand two hundred and twenty dollars and fifty-four cents, ($12,220.54), and by the said decree of distribution, the said administrator was ordered to pay to the several creditors their several debts, each at the rate of sixty-four cents and four hundred and fourteen thousandths on the dollar, at which said rate the proportion due to the said Adams, Homer & Co., for their debt aforesaid, amounted to the sum of fourteen hundred and six dollars, ($1406.00) which said sum has been demanded by them of the said administrator; but he has neglected and refused to pay the same. That the said Tebbetts, in his petition to this court for his discharge as a bankrupt, has, among the alleged debts from which he prays to be discharged, set forth the aforesaid sum of twelve thousand four hundred and four dollars and forty-four cents, ($12,404.44) being the assets aforesaid heretofore in his hands, in which the said Adams, Homer & Co. have an interest as aforesaid, and being the same sum of money which said administrator has not paid over or accounted for, as before alleged. That the assets belonging as aforesaid to the estate of Henry H. Willard, upon which the said Tebbetts administered as aforesaid, have, by his acts and doings in the premises, been unlawfully intermixed with the property of said Tebbetts and of his late copartners in trade, the remains of which are set forth in the inventory of property, rights, and credits annexed to his said petition; and in con-

sequence of such unlawful intermixture by the said Tebbetts it cannot now be ascertained what part of said inventoried property, if any, belongs to said Tebbetts or his co-partners, so that a just dividend and distribution thereof cannot be made according to the statute of the United States in this behalf provided. That the said Tebbetts, in the list of debts annexed to his said petition, has colorably set forth the aforesaid balance of twelve thousand four hundred and four dollars and forty-four cents, due from him in his capacity of administrator of said Willard, as among the ordinary individual debts due from him or his co-partners; whereas, in truth and in fact, the same was a debt owing by him, and created in consequence of a defalcation by him while acting in his fiduciary capacity of administrator as aforesaid. All which is in violation of his duty in his said fiduciary capacity, in fraud of the bankrupt law of the United States, in this behalf made and provided, and to the great injury of your petitioners."

To these objections, the following answer was put in by the bankrupt: "And now the said Tebbetts comes into court and prays judgment, whether, by reason of any thing in the objections filed by the said Charles F. Adams, Peter T. Homer, and Sidney Homer, contained, he, the said Tebbetts ought to be precluded from having and receiving a full discharge from all his debts, as by him prayed, in his proceedings, under the act entitled 'An act to establish a uniform system of bankruptcy throughout the United States.' And he also prays judgment of the court here, whether the above-named objectors are entitled to or in law have any good right to propound and maintain the said objections."

At the hearing in the district court, the following question was ordered to be adjourned into the circuit court, to be there heard and determined, namely: "Whether, upon the facts set forth in the written objections of Charles F. Adams, Peter T. Homer, and Sidney Homer, said Tebbetts can and ought to receive any discharge; and if any, what discharge and certificate."

John Pickering, for parties objecting, contended, that the bankrupt was not entitled to a discharge from all his debts; if from any, then only from those in his own right: (1) Because he had not complied with the requisitions of the law, in pursuing his remedy, if entitled to relief under the law. (2) Because he was a defaulter in his fiduciary character. (3) Because he had brought forward debts which were false and fictitious as respects the general creditors. (4) Because he had included in his list of debts, a demand which was due from himself as administrator of an intestate, and represented it as an ordinary debt like others due to the general creditors. (5) Because he had used the property of the intestate and intermixed it with his individual property, so that it could not be now ascertained what part belonged to the intestate, and what part, if any, to himself.

Henry H. Fuller, for petitioner, Tebbetts, took the following points:

First. That Tebbetts, although owing debts in a fiduciary capacity, yet, as he owed other debts, those of both descriptions having been contracted before the passage of the bankrupt act, was a subject of that law; that is, he could petition to be declared a bankrupt, and had a right to a decree to that effect. To this point he cited the first section of the act, "all persons, whatsoever, residing, &c., owing debts, not created in consequence of a defalcation, &c., who shall by petition, &c., shall be deemed bankrupts, &c., and may be so declared."

Second. That as he comes within the purview of the statute, and has, in fact, been declared a bankrupt, by a decree of the court in due form, he is now entitled to his discharge, if he has obeyed the orders of the court, and conformed to the provisions of the act; there being only one case, in which, by the statute, a person thus situated, shall not be discharged, and that is, where the debtor has applied "trust funds to his own use," since the passage of the act. To this point he cited the fourth section, and particularly the latter part, which states the only points, which, being found against the debtor by a court or jury, shall deprive him of a discharge. It runs thus: "If, upon a full hearing, &c., it shall appear, &c., that the bankrupt has made a full disclosure, &c., and has in all things conformed to the directions, &c., the court shall make a decree of discharge," &c.

Third. Being entitled to a discharge, it must be a discharge in general form, from all his debts, there being nowhere in the act any provision for a partial or qualified discharge, nor any intimation, that such an one might or could be granted in any case whatsoever, arising under the act.

Fourth. The persons now appearing and opposing a discharge, have no right to be heard, inasmuch as they are not creditors of Tebbetts, but of H. H. Willard, the deceased,—and the statute has allowed to creditors, only, the right to oppose a discharge. It is true, the act has directed notice, in certain cases, to be given to "creditors, and others interested,"—but in the clause in the fourth section, giving a right to oppose a discharge, the word "creditors," only, is used.

Fifth. To the objection, that the schedule of debts was irregular and informal, because it set down the debt from Tebbetts, as owing "To the estate of H. H. Willard," it was answered, that this is well enough, because the creditors of Willard, were not, directly and in a legal sense, creditors of his administrator; but more especially, that

this objection to the form of the schedule, unless it was coupled with a charge, that it was so made with some fraudulent design and purpose in the bankrupt, was of no validity at any time, because mere honest mistakes and errors in schedules are amendable at any time; and in this instance the objection comes too late, it being in the nature of matter in abatement, and should have been urged, if ever, before the decree of bankruptcy passed; that decree being final and conclusive upon all such matters, by the express provisions of the act.

STORY, Circuit Justice. Three questions have been ably and fully argued at the bar: (1) Whether the objectors have, by law, any right to appear and intervene to oppose the petition of the bankrupt for his discharge and certificate, under the circumstances stated in their written allegation. (2) If they have, whether the circumstances, so stated, constitute any valid objection to the right of the bankrupt to a discharge and certificate. (3) If the bankrupt is entitled to any discharge, whether it should be a general discharge and certificate, or ought to be limited in its terms and extent, to such debts as are not fiduciary.

The first question is preliminary in its nature, and necessarily involves, what is called in the admiralty the jus personæ standi in judicio, the right of the objectors to stand in judgment before the court, as parties entitled to contest the petition. The argument, on behalf of the bankrupt, resolves itself into this, that the objectors are not creditors, and that creditors alone have a right to appear and contest his discharge. The argument on the other side is, that although they are not creditors, they are "parties in interest," and, therefore, under the bankrupt act of 1841, c. 9, entitled to appear and contest the discharge. And in support of this argument, the language of the fourth section of the act, respecting the application for a discharge, is relied on; where it is expressly provided, that "notice shall be given for a prescribed period, by a publication in some newspaper, to all creditors, who have proved their debts, and other persons in interest, at a particular time and place, to show cause, why such discharge and certificate shall not be granted; at which time and place any such creditors or other persons in interest, may appear and contest the right of the bankrupt thereto." Now, it seems to me, that these words, "other persons in interest," are sufficiently broad and appropriate to cover the case of the objectors. If they are not strictly, in the sense of the law, creditors of the bankrupt, they are, at least, equitable creditors, and, under the circumstances stated in their allegation, they have an interest in the funds and property to be administered in bankruptcy. In short, in the view of a court of equity, they

have a direct claim upon the bankrupt for the amount of the dividend, decreed in their favor, by the court of probate; and no court of equity would hesitate to decree it to be paid by him out of the assets of the estate of Willard, in his hands, and if he has wasted them out of his own assets. Upon this point, therefore, I feel no doubt whatsoever.

Upon the second point, there is, I am sorry to say, some room for doubt; and that doubt is greatly enhanced, by the apparent conflict of the decisions, upon the subject, made in other circuits, with which I have been favored. In Virginia, it has been held by one of my learned brothers (Mr. Justice Daniel) that a person, who owes fiduciary debts, is not entitled to the benefit of the bankrupt act, and is not within the scope of its provisions, and cannot be declared a bankrupt, so long as he remains in that predicament. On the other hand, in Ohio and in New York, two others of my learned brothers hold the contrary doctrine, that such a person is within the scope of the bankrupt act, and may be declared a bankrupt, notwithstanding he owes fiduciary debts. The learned judge in Ohio (Mr. Justice McLean) holds: (1) That no relief can, under the bankrupt act, be given against a fiduciary debt. (2) That the debt, in that case, having been contracted before the passage of the bankrupt act, that the applicant is not thereby deprived of the benefit of the act as to other debts. The learned judge in New York (Mr. Justice Thompson) holds: (1) That the existence of a fiduciary debt does not preclude the party from taking the benefit of the bankrupt act, as to all other debts. (2) That the bankrupt act, being intended for the benefit of creditors, a fiduciary creditor is not bound to come in and take his dividend under the act; but he has an election to do so, if he chooses. (3) That unless the fiduciary creditor does elect to come in under the bankruptcy, his debt is not discharged thereby; but that the bankrupt is or may be entitled to a discharge from all other debts.

In this state of the authorities, I am reluctantly compelled to examine the question de novo, and to decide it according to my own judgment of the true intendment, language, and objects of the act. And, upon the best consideration, which I have been able to bestow upon the subject, my own opinion on this point is, that the existence of fiduciary debts, owing by the petitioner, constitutes no positive incapacity, disqualification, or valid objection to his being declared a bankrupt and obtaining the benefit of the act, if he owes other debts not of a fiduciary character. It seems to me, that this is the natural, if it be not the necessary interpretation of the language of the first section of the act, descriptive of the persons, who are within its purview. The language is: "All persons whatsoever, resid-

ing in any state, district, or territory of the United States, owing debts, which shall not have been created in consequence of a defalcation, as a public officer, or as executor, administrator, guardian or trustee, or while acting in any other fiduciary capacity, who shall by petition, &c. shall be deemed bankrupts within the purview of this act, and may be so declared accordingly by a decree of such court." Now, it seems to me, that the just interpretation of these words is, that they include all persons, who are owing other debts, as well as fiduciary debts; and that they exclude persons, who are owing no other than fiduciary debts. The act has nowhere said that a person, who owes a fiduciary debt, shall not be entitled to the benefit of its provisions. All, that is said, is, that he must owe other debts, besides a fiduciary debt. If he is owing debts, which shall not have been created by public defalcation, or while acting in any fiduciary capacity, he falls within the very category of the language of the act. The descriptio personæ is directly applicable to him. If the act intended to exclude all persons from its benefits, who owed fiduciary debts, the appropriate manner of expressing that intention would have been, to have said: All persons, who do not owe fiduciary debts, shall be entitled to the benefit of the act. What appears to me to fortify this construction of the act is, that the fourth section provides, not, that a fiduciary debtor may not become a bankrupt under the act, but that, if he is a bankrupt, he shall not be entitled to a discharge or certificate under the act, if, after the passing of the act, he "shall apply trust funds to his own use." Now, this language necessarily supposes, that if he has misapplied trust funds before the passage of the act, he is or may be still entitled to the benefit of the act. And yet he may, up to that very moment, be a fiduciary debtor by reason of such misapplication. Indeed, in this very case, the objections, in the mode and under the circumstances, in which they are presented, are objections to the discharge of the bankrupt, and not to his being declared a bankrupt. For the latter purpose the objections come too late; for the decree of the district court has already proclaimed him a bankrupt; and the objections should have been interposed before that decree, in order to be of any validity; and the case, as to the right of the petitioner to be declared a bankrupt, has passed in rem judicatam. The application is not now to supersede the decree of bankruptcy, even if it could be lawfully done; but to deny any discharge and certificate to the bankrupt. The closing passage of the first section of the act, by providing that "all such decrees (declaring the party a bankrupt) passed by such court, and not so reëxamined (that is, by a jury), shall be decreed final and conclusive as to the subject-matter thereof," seems to pre-

clude all further inquiry as to the point, whether he was a debtor entitled to the benefit of the act, or not.

The third question involves still more difficulty, and from which it is not very easy to free one's mind from all doubt. The question is susceptible of being considered under various aspects. In the first place, are fiduciary debts provable under the bankruptcy, so as to entitle the creditor, at his option, to come in and take a dividend? In the next place, if he does come in, will the discharge and certificate amount to an extinguishment or waiver of all right to his debt, beyond what the assets of the bankrupt will satisfy? In the next place, if the fiduciary creditor does not come in and prove his debt under the bankruptcy, will the discharge and certificate, if obtained by the bankrupt, operate as an extinguishment thereof, or leave the fiduciary creditor with a full title to all his rights and remedies in the same way, as if no decree of bankruptcy had occurred and no discharge and certificate had been given? And in the next place, if the fiduciary debts are not extinguished by the discharge and certificate in bankruptcy, should the discharge and certificate be in a general form, or contain an exception of such fiduciary debts? There is no direct and positive provision in the act, which resolves either of these questions; and, therefore, the answers must be wrought out by a close survey of the true objects and intents of the act deducible from its various enactments.

After bestowing considerable reflection upon the subject, under these various aspects, I have at length come to the conclusion (1) that fiduciary debts are provable under the proceedings in bankruptcy equally with other debts, at the creditor's election; (2) that if the fiduciary creditor elects to come and prove his debt, and to take a dividend, he is barred of all other remedy therefor, except out of the assets. I deduce this latter conclusion from the language of the fifth section, which declares, that "no creditor or other person coming in and proving his debt or other claim, shall be allowed to maintain any suit at law or in equity therefor, but shall be deemed thereby to have waived all right of action and suit against such bankrupt." The other conclusion I deduce from the general language of the act, which enables "all creditors to come in and prove their debts and claims;" and a fiduciary creditor is as much within this language, as any other creditor. It is a benefit, to which he is entitled, in common with all other creditors. The act manifestly intended to favor fiduciary creditors, and not to place them in a worse situation than others; and yet, upon any other interpretation, they would be in a worse situation, and be excluded from sharing in the assets, and be compellable to rely upon the personal responsibility, (if any exists,) of the bankrupt.

himself,—that is, upon the ability of a person utterly insolvent and without property. And I have no doubt, that fiduciary creditors, whether the debts due to them are to be treated as legal or as equitable debts, are equally within the protective power of the act, and in an especial manner of the fifth section thereof. I have as little doubt, that the present objectors are fiduciary creditors, having an equitable debt and claim against the bankrupt, and entitled to come in and prove it against his estate under the proceedings in bankruptcy. The debt is, indeed, due to them primarily by the bankrupt in autre droit, and in his fiduciary character; but if he has wasted the assets of the intestate, he is personally liable to the objectors for the full amount in his personal capacity. In truth, the very enumeration of the debt of $12,404.44 cents in his schedule, as due to the estate of his intestate, admits, that he has wasted all the assets thereof to that amount.

The next point (3) is, that upon which I have felt most difficulty, namely, whether fiduciary debts, not proved under the proceedings in bankruptcy, are extinguished by a discharge and certificate under the act. After some hesitation, I have come to the conclusion, that they are not. There is not, I admit, any positive clause to this effect; but it seems to me, to be a just result, from the general provisions and objects of the act, and especially of the first and fourth sections thereof. If fiduciary debts, as well as other debts, were intended to be barred or extinguished by a discharge and certificate obtained, by the bankrupt, under the act, it seems difficult to perceive, why the first section has so studiously excluded persons, owing fiduciary debts, alone, from the benefit of the act. Yet they certainly are so excluded. If, on the other hand, we construe the act, as saving the rights of the fiduciary creditors, and exempting them, at their option, from the operation of the act —from motives of public policy—and the design of putting strong marks of distinction and reprobation upon official and fiduciary defalcations, we readily see, why the party may still be permitted to obtain the benefit of the act, as to other debts, without, in any manner, impairing this policy, or breaking in upon this design. It leaves the party, as to his fiduciary debts, where it finds him, to the justice, and it may be to the mercy of the creditors. In this manner, the whole section is in entire harmony with itself, as well as with other parts of the act, and has an appropriate meaning and use. The fourth section illustrates this interpretation. By that, the bankrupt is denied any discharge or certificate, if, after the passing of the act, (which in my judgment means after the date of the approval of the act, viz., the 19th of August, 1841, and not after the day when it was to go fully into operation, viz., from and after the first day of

February, 1842,) he "shall apply trust funds to his own use." Now, it is plain, that such a misapplication, after the passing of the act, is treated as a gross fraud, which ought to deprive the party of any discharge or certificate under the act, as to all his debts whatsoever, not only such as are fiduciary, but all others. But if the misapplication was before the passing of the act, the party is not deprived of his right to a discharge or certificate; so that there is no difficulty in saying, that the discharge may well operate as a bar or extinguishment of all other debts, leaving still fiduciary debts a privileged class, untouched by the act upon the grounds of the public policy above suggested. In this mode of construing the act, the distinction between fiduciary debts and others is constantly preserved; and the public policy is throughout maintained and promoted. Misapplication of fiduciary funds before the passing of the act deprives the party of all right to a discharge from them only; misapplication after the passing of the act deprives him of all right to a discharge from any debts whatsoever.

The remaining point (4) is, what ought to be the form of the discharge and certificate? Ought it to be in a general form, or with a special exception of fiduciary debts? I think, that it should be in a general form for two reasons. In the first place, no other form is contemplated by the provisions of the act, and especially by the fourth section, which is pointed to this very matter. The language of the section is, that the bankrupt shall "be entitled to a full discharge, from all his debts, to be decreed and allowed by the court, which has declared him a bankrupt, and a certificate granted to him by such court accordingly upon his petition filed for such purpose;" and again, "and such discharge and certificate, when only granted, shall in all courts of justice be deemed a full and complete discharge of all debts, contracts, and other engagements of such bankrupt, which are provable under this act." Now, it seems to me difficult to perceive, that any other form than that of a general discharge and certificate, is required, or justified, or allowed by this language. In the next place, there is no necessity to except fiduciary debts from the general terms of the discharge and certificate; for if they are by implication excepted from the operation of the act, where the fiduciary creditor does not elect to come in and prove his debt, and take a dividend under the proceedings, it is plain, that the terms of the discharge and certificate, however general, cannot vary or control his rights; and that his debt will not be barred or extinguished thereby; but he may, if the discharge and certificate are pleaded to any suit for his debt, reply the fact, that it is a fiduciary debt. There is no necessity, therefore, and no utility in excepting such debts from the general terms of the certificate,

even if it were otherwise authorized by the act.

Another objection, to the right of the bankrupt to a discharge or certificate, has been taken at the bar; and that is, that the bankrupt has not enumerated the objectors among the creditors in the schedule of the debts due by him; but has simply declared himself to be a debtor to "H. H. Willard's estate $12,404.44, whereas he ought to have stated the names of all the creditors, as his creditors, to and among whom the court of probate had ordered a dividend to be apportioned and paid under the proceedings in that court, and among others the objectors, as creditors for the sum of $2,-184.16." I doubt, if the objection has any just foundation in law. Strictly speaking, the bankrupt is a debtor to the estate of H. H. Willard for the whole amount of $12,-404.44; and if he were to die, or to be discharged from his administration at any time, the administrator de bonis non would have a right of action against him or his executor or administrator for the full amount of that debt, as assets of and a debt due to the estate of H. H. Willard; and the judge of probate would have a right to direct a suit therefor against him and his personal representative upon his official bond, and the sureties thereto. Indeed, the debts due to the objectors and the other creditors of H. H. Willard's estate are not at law and ex directo the personal debts of the bankrupt; but are due by him in autre droit. They are strictly debts due from the estate of H. H. Willard to them; and they are by no means limited in their remedy to a personal suit against the bankrupt, if other assets should appear, or if they can obtain payment upon the official bond of the bankrupt from his sureties in the probate court. The debts are, therefore, only secondarily, and in equity, debts due by the bankrupt, upon the election of the creditors of H. H. Willard so to consider them.

But if the case were otherwise; and the schedule ought to have contained the names of all the creditors of H. H. Willard, entitled to dividends under the probate decree, still, unless the concealment or suppression was intentional and fraudulent, and not by mere mistake or accident, it does not appear to me to constitute any valid objection to the grant of a discharge and certificate under the act. This appears to me to be a plain result of the provisions and exceptions of the fourth section of the act. Nor is the mischief of the omission irremediable. On the contrary, it is in the power of the district court to give the omitted creditors the same benefit, as if their debts had been formally stated in the schedule. The omission to include the debts should have been "wilful," that is, knowingly wrongful or fraudulent, to produce a forfeiture of his right to a discharge and certificate; for the language of the fourth section is, that if any

bankrupt "shall wilfully omit or refuse to comply with any orders or directions of such court, or to conform to any other requisites of this act, &c. &c., he shall not be entitled to any such discharge or certificate."

Upon the whole, I shall direct a certificate to be sent to the district court in conformity to the opinions above expressed.